# MARIA DEL CARMEN YRIZARRY DE SILEN ET AL.,
## Complainants,
### *v.*
# JOSE SABATER Y OLIVER ET AL., Defendants.

NONRESIDENT DEFENDANT—SERVICE BY PUBLICATION—SEQUESTRATION.

1. Service upon a nonresident defendant by publication in an action not to enforce a lien, and prior to the attachment of his property or its seizure in some way, is a nullity.

2. Where a nonresident defendant whose place of residence is unknown has property within the district, the court may allow substituted service upon the defendant's attorney in fact residing within the district, with an order of sequestration of defendant's property. This will give jurisdiction *in rem*, if not *in personam*.

December 12, 1903.

*Mr. Herbert E. Smith,* solicitor for complainants.

*Messrs. Horton & Cornwell,* solicitors for defendants.

HOLT, Judge, delivered the following opinion:

This is an action to compel an accounting by a guardian for certain personal property and for rents. It is purely to determine his personal obligation. The bill also describes certain real estate the defendant owns, and asks that it be subjected to the claim.

The alleged personal liability has no connection with the

property the defendant is alleged to own. The bill asks for a writ of subpœna; and it was issued, and returned *non est inventus* by the marshal. Thereupon, an affidavit was made by one of the complainants that personal service could not be had, and that the defendant, José Sabater, was disposing of his property in Porto Rico, whereby plaintiffs would be greatly injured unless service could be had, and asking it by publication.

Upon filing of the amended bill describing the property of the defendant, and asking that it be subjected to the complainants' claims, the court entered not only an order of publication, but also for substituted service upon the defendant's agent, or the one in charge of his said real estate. This order was duly served by the marshal on one William Falbe, the attorney in fact of the defendant.

The defendant, José Sabater, now, by special appearance, moves to annul the service made by said order.

The court has looked into the question with some care, and more especially as the interest of infants is involved.

Service upon a nonresident defendant by publication, prior to the attachment of his property or its seizure in some way, is a nullity. Webster v. Reid, 11 How. 459, 13 L. ed. 770.

The Revised Statutes of the United States provide that, when the defendant in an action to enforce any legal or equitable lien or claim against any real or personal property within the district where the suit is brought, is not an inhabitant of or found in the district, or does not voluntarily appear, he may be proceeded against by publication. Rev. Stat. § 738.

It is contended this case is not embraced by said section. If this be true, then the plaintiffs are remediless, as they say the whereabouts of the defendant is unknown, although he may justly owe them, and may be the owner of property situated in

Yrizarry de Silen v. Sabater y Oliver.

Porto Rico. In such a case, it seems to me substituted service should be allowable, with an order of sequestration. This will certainly give jurisdiction *in rem,* if not *in personam,* and will bring the property under the control of the court by seizure, and therefore render the rents and profits thereof liable to the complainants' claim, if it be a just one. And the court now having heard testimony as to the condition of the property set forth in the complaint, owned by the defendant, and the agency of said Falbe, a writ of sequestration is hereby ordered to issue, directed to the marshal of this court, describing said property, who will take possession thereof, make the same profitable so far as possible, collect and receive the rents and profits thereof; he to report the same to this court, and hold the same subject to its order.